IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVEN THOMAS WALTERS,**

    **Plaintiff,**

    v.                                            CASE NO. 22-3301-JWL

**SEDGWICK COUNTY, KANSAS,**
**BOARD OF COMMISSIONERS, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is detained at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 18, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until February 17, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC. This matter is before the Court on Plaintiff's response (Doc. 6). The Court's screening standards are set forth in the MOSC.

Plaintiff alleges as Count I that the living conditions at the SCJ are inhumane and that on October 21, 2021, he fell coming out of the bathroom due to a leaking sink. (Doc. 1, at 4.) Plaintiff alleges that there are "live larva" coming from the floor drain and "bugs flying all over the bathrooms and many other issues." *Id*. at 5.

As Count II, Plaintiff claims discrimination. He claims that he was yelled at by Deputy Simpson for only having his white t-shirt on in the dayroom, but he looked into Pod 15 and saw other inmates dressed the same way, but nothing was said to them. *Id*. Plaintiff alleges that he filed grievances due to policy violations, unprofessional behavior, discrimination and unequal

treatment, and Captain Scott responded that the information provided by Plaintiff was not really a grievance. *Id*.

As Count III, Plaintiff claims "assault and battery." *Id*. at 6. Plaintiff alleges that on October 12, 2022, he was in the dayroom with just his white t-shirt on and Deputy Lyon hit Plaintiff on the back of the head with some shoes right after getting onto Plaintiff about not being properly dressed. *Id*. at 7. Plaintiff alleges that he grieved the "assault" but was told that the detectives investigated Plaintiff's allegations and found that the assault never took place. *Id*.

The Court found in the MOSC that the Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or

safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff also failed to allege "deliberate indifference" by any defendant.

Plaintiff fails to state an Eighth Amendment violation and his claims suggest, at most, negligence. Claims under § 1983 may not be predicated on mere negligence. *See Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

"[A]llegations of a slip and fall are simply insufficient to state [a] claim under the Eighth Amendment." *Griffin v. Easter*, No. 14-3043-SAC, 2014 WL 1478496, at *4 (D. Kan. April 15, 2014) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . ."); *see Flandro v. Salt Lake Cty. Jail*, 53 F. App'x 499, 500–501 (10th Cir. 2002) (noting that cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment and stating that "a serious injury by itself does not necessarily render a condition excessively or even substantially risky"); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on pillow negligently left on a stairway by sheriff's deputy failed to allege constitutional violation); *Benson v. Central New Mexico Corr. Facility*, 2017 WL 5989195, at *3 (D. N.M. Dec. 1, 2017) ("The federal courts have consistently held that allegations a prisoner

slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation.") (citations omitted); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation omitted).

Plaintiff's claim is insufficient to state a constitutional violation. *See Bacon v. Carroll,* 232 F. App'x 158, 160 (3d Cir. 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Davis v. Dallas Cty.,* No. 3:06-cv-0174-K, 2006 WL 3019244, at *3 (N.D. Tex. Oct. 23, 2006) (plaintiff's allegations that he slipped and fell on floor that was wet and in ill repair, and that there should have been signs, ropes, or cones to warn him of the dangerous condition, failed to state Eighth Amendment claim); *Quine v. Livingston,* No. Civ. A., H-06-1426, 2006 WL 1662920, at *1–2 (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on failure to place "wet floor" signs around ice machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension); *Isom v. McDowell Cty. Corrs. Medical Servs.*, No. 1:07-00212, 2008 WL 2725093, at *3 (S.D. W.Va. July 11, 2008) (finding that failure to put out wet floor signs did not show deprivation of right protected by the Constitution or laws of the United States and was therefore not cognizable under § 1983); *Washington v. Vannoy*, No. 15-749-SDD-RLB, 2017 WL 525672, at *3 (M.D. La. Jan. 3, 2017) (claim of deliberate indifference to safety due to the lack of a "Wet Floor" warning sign, at most, raises nothing more than negligence).

Plaintiff alleges that Deputy Lyon hit him in the back of the head with some shoes, which allegedly constituted "assault and battery." Plaintiff attaches a grievance to his response, showing that Plaintiff was upset that assault charges were not brought against the deputy.

(Doc. 6, at 24.)  The Court found in the MOSC that Plaintiff has not shown a private cause of action for violations of a state criminal statute.  *See Speer v. Beardsley*, 2020 WL 4785426, at *4 (D. Kan. Aug. 18, 2020) (finding no private cause of action for a violation of criminal statutes, including criminal statutes for assault and battery) (citing *see Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) ("'Kansas appellate courts generally will not infer a private right of action where a statute provides criminal penalties but does not mention civil liability.'") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, 2017 WL 2378331 *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties").  "[S]tate statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States." *Id*. (citations omitted).

The Court also found that Plaintiff failed to state a claim for excessive force.  Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a constitutional violation.  Not every isolated battery or injury to an inmate amounts to a federal constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).[1]

The Court also found in the MOSC that to allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon

---

[1] Plaintiff acknowledges that he received medical care after the fall.  (Doc. 6, at 27, 30–33.)

an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Plaintiff alleges that inmates designated as "trustees" were treated favorably and were not required to follow the SCJ rules the same as non-trustee inmates. In his response, Plaintiff attaches grievances alleging that rules are not being enforced regarding the trustees' pods receiving extra food trays, trustees are being allowed in areas that non-trustees are not allowed, the trustees are not returning cleaning supplies, and the rules set forth in the SCJ handbook are not being followed. *Id*. at 8, 10–19.[2] Plaintiff also attaches a grievance in which he claims discrimination because the trustees are not required to follow the same rules, even though they are still inmates and the "Inmate Worker Program Policy for the trustees" requires them to follow the same rules. (Doc. 6, at 19.) Plaintiff asserts that Lt. Pray responded by saying that:

> There is no mistreatment. You should concern yourself with making sure you are following the rules, not that everyone else is following the rules. There are times when some rules have to be overlooked for others and there is no requirement for us to explain this to you.

*Id*.

Plaintiff has failed to allege that the other inmates were similarly situated in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to

---

[2] Plaintiff also attaches documents setting forth the e-kites he submitted regarding mental healthcare (Doc. 6, at 21), and claiming that although he was assured he would remain anonymous after reporting that he saw another inmate with a weapon, an affidavit was circulated showing Plaintiff's name. *Id*. at 40–45. However, Plaintiff's Complaint does not include claims regarding his medical care at the SCJ or claims regarding being labeled a snitch.

assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted).

Plaintiff's claims that Captain Scott responded to Plaintiff's grievances by stating that the information provided by Plaintiff was not really a grievance. Plaintiff's claim relates to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation).

In his response, Plaintiff sets forth various policies, codes of conduct, rules and regulations in place at the SCJ. (Doc. 6, at 5–7.) However, the failure to follow SCJ rules does not constitute a constitutional violation. As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007); *see also, Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) ("Where a liberty or property interest has

been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations.") (citations omitted).

Plaintiff's response also includes a claim that Deputy Steele referred to Plaintiff as "slippers" after the fall, which Plaintiff claims was humiliating and constituted harassment. (Doc. 6, at 28.) The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

Plaintiff's response fails to address the deficiencies set forth in the Court's MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk is directed to redact Plaintiff's phone number, date of birth, and social security number from Doc. 6, at 30.

**IT IS SO ORDERED**.

**Dated March 6, 2023, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**